## Isaac W. Nutt, Appellee, v. F. P. Vennum, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Action for damages by Isaac W. Nutt, plaintiff, against F. P. Vennum, defendant. From a judgment for eight hundred dollars for plaintiff, defendant appeals.

The plaintiff had for two years occupied the defendant's premises as a tenant, and at the expiration of that time had been evicted therefrom in an action of forcible entry and detainer, his goods being placed in the highway by the evicting officer. He then brought this action against his former landlord for damages, including claims for work performed, materials furnished, cash advanced, grain taken, board of men and for breach of a verbal contract.

A notice of set-off specified claims for failure of the plaintiff to deliver rent corn under the terms of the written lease; damages for allowing cockleburs, this-

tles and other weeds to go to seed, and for failure to cut the same as provided by the lease; for failure to haul out the manure and failure to deliver up the premises at the termination of the lease.

M. L. McQuiston and Cloud & Thompson, for appellant.

Schneider & Schneider, for appellee.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Landlord and tenant, § 530*—*when exclusion of record in forcible entry action not improper in action for breach of contract.* Where a tenant claiming to hold under a written lease had been evicted from a farm under an execution in an action of forcible entry and detainer and his goods placed in a highway by the evicting officer, and later he brought an action against his former landlord for breach of a verbal contract for work performed, materials furnished, etc., *held* that the defendant's contention in the latter action that the record in the forcible entry and detainer action should have been admitted in evidence for the reason that counsel for the plaintiff had used expressions which disclosed that the tenant had been put off the farm by a constable, was untenable, there being nothing in the expressions challenging the righteousness of the expulsion or to raise that question for the determination of the jury, and further because the court instructed the jury that the defendant had the right to evict the plaintiff and that the officer had the right to place his property in the public road.

2. Evidence, § 365*—*when answer of witness not misleading as assuming ownership of property.* In an action by a former tenant of a farm against his former landlord for breach of an oral contract for work performed, materials furnished, etc., including a claim for grain taken, in which the notice of set-off specified claims for failure of tenant to deliver rent corn due according to the terms of the former lease, *held* that the answer of the tenant's son who was interrogated as to what became of the grain, that they put the defendant's corn on one side of a crib and their own on the other side and later hauled it to a certain place and hauled the defendant's oats to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

town, was not misleading or prejudicial to the defendant as assuming the ownership of the oats, although both question and answer should have been clothed in different language.

3. LANDLORD AND TENANT, § 530*—*when instruction in action by tenant for share of crops on liability of landlord to account is not erroneous.* In an action by a former tenant of a farm against his former landlord for his share of corn alleged to have been left on the farm and appropriated by the landlord, *held* that an instruction to the effect that if the jury believed that the tenant had fairly divided the corn while he was tenant and turned over to the landlord his just, full and fair proportion thereof, and that the landlord appropriated the tenant's share, the landlord should be required to account for such a share in so far as it exceeded the amount of set-off which he established by proof even though the grain was not divided in the manner provided for by the lease, was not objectionable, though the grain was not averaged as provided for in the lease.

4. SET-OFF AND RECOUPMENT, § 43*—*when instruction placing burden of proof on plaintiff properly refused.* An instruction which placed the burden of disproving a defendant's set-off on the plaintiff, *held* properly refused as erroneous.